### In the Matter of James A. HARRIS.

### No. 45S00–0603–DI–102.

Supreme Court of Indiana.

May 17, 2006.

*ORDER APPROVING STATEMENT OF CIRCUMSTANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE*

Pursuant to Ind. Admission and Discipline Rule 23, Section 11, the Indiana Supreme Court Disciplinary Commission and the respondent have submitted for approval a *Statement of Circumstances and Conditional Agreement for Discipline* stipulating agreed facts and proposed discipline as summarized below:

**Facts:** A client hired respondent to represent her in a suit for damages suffered in a May 30, 1990 traffic accident, which occurred in Michigan. Respondent filed suit in Indiana almost three years after the accident. Respondent did not file an action in Michigan. The defendants moved to dismiss on the basis of the statute of limitation, which the court granted on De-

cember 4, 1996. Respondent did not promptly notify the client of the dismissal. From December 1996 to February 2000, during numerous phone conferences with the client, respondent did not inform the client that her case had been dismissed, and left her with the impression that a settlement was possible. On February 22, 2000, respondent informed the client of the potential malpractice action against him.

**Violations:** Respondent's conduct violated Ind. Professional Conduct Rule 1.2(a), which requires a lawyer to abide by a client's decisions concerning the objectives of the representation; Prof.Cond.R. 1.3, which requires a lawyer to act with reasonable diligence and promptness; Prof. Cond.R. 1.4(a), which requires a lawyer to keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information; Prof.Cond.R. 1.4(b), which requires a lawyer to explain a matter to the extent reasonably necessary to permit the client to make informed decisions; and Prof. Cond.R. 8.4(c), which prohibits a lawyer from engaging in conduct involving dishonesty, fraud, deceit or misrepresentation.

**Discipline:** Sixty (60) day suspension with automatic reinstatement thereafter.

The Court, having considered the submission of the parties, now APPROVES and ORDERS the agreed discipline. Respondent is suspended from the practice of law for sixty (60) days commencing June 19, 2006, with automatic reinstatement thereafter. Costs of this proceeding are assessed against the respondent. The Court further finds that with the acceptance of this agreement the hearing officer appointed in this case is discharged.

The Clerk of this Court is directed to forward a copy of this Order to the hearing officer and in accordance with the provisions of Admis.Disc.R. 23, Section 3(d).

All Justices concur.